[No. 13509. Department Two. April 14, 1917.]

GEORGE C. DIETRICH *et al.*, *Appellants*, v. THE CITY OF
SEATTLE, *Respondent*.[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—CONTRACTS—CONSTRUC-
TION. Where a city had failed to acquire the necessary right to en-
ter upon private property, recovery of damages by reason of the
enforced temporary suspension of work under a city contract, which
was afterwards completed, is precluded by the terms of a contract
which provided the method of adjustment if the improvement could
not be completed by reason of an injunction, for a waiver of damages
by the contractor in such case, and a resumption of work if the court
proceedings allowed it, in which case no extra payment was to be
allowed or charged.

Appeal from a judgment of the superior court for King
county, Jurey, J., entered November 9, 1915, upon findings
in favor of the defendant, in an action to recover damages
by reason of enforced suspension of work under a city con-
tract, tried on the merits to the court. Affirmed.

*Ballinger, Battle, Hulbert & Shorts*, for appellants.

*Hugh M. Caldwell* and *Walter F. Meier*, for respondent.

FULLERTON, J.—The appellants contracted with the city
of Seattle to improve certain of its streets. The contract
was in writing and, by reference, adopted as part of the con-
tract the general standard plans and specifications thereto-
fore prepared by the city in so far as they were applicable

[1]Reported in 164 Pac. 251.

to the particular work. Among the provisions of the stand-
ard plans, is the following:

"24th. Injunctions. It is agreed that if the contrac-
tor for this improvement, or the city of Seattle, shall be
unable to complete any portion or portions thereof by reason
of court proceedings enjoining the construction or comple-
tion of any portion or portions thereof and it shall, in the
discretion of the city engineer, be impracticable to construct
or complete any other portion or portions thereof, then, and
in any such case, the contractor shall waive any and all claim
or claims for damages by reason of such inability to con-
struct such portion or portions of said improvement, and the
city engineer shall have the right to report such improve-
ment, as completed, file his final estimate thereon as pro-
vided for in the full completion of other local improvements
in the city of Seattle, and such contractor shall agree to ac-
cept in full payment of such improvement, and as a cancel-
lation of his contract therefor a sum of money for his labor
performed, and materials furnished in strict accordance with
his bid for such contract, on the basis of the work actually
performed or materials and labor actually furnished in said
work to the date of stopping thereof. Should the court pro-
ceedings allow the work to be resumed prior to the issuance
of the notice of completion on said work by the city engineer,
then the contractor on being ordered by the city engineer
shall proceed with the work immediately, carrying out the
contract in full according to all original intents or modifica-
tions of the court, as the case may be, at the prices as speci-
fied in the original contract, and no extra payment will be al-
lowed said contractor for change in price of material or labor
or for any other reason whatsoever. Whatever time elapses
after the contractor has been ordered to stop on the work
and his being ordered to proceed again will not be considered.
as a part of the time allowed on the contract."

The appellants, shortly after the execution of the contract,
assembled their equipment at the place of the work and en-
tered upon its prosecution. The plans and specifications for
the work required certain cuts and fills in the street which
could not be made without trespassing upon and damaging
private property abutting thereon. Based on the ground

that the city had not acquired, by condemnation or otherwise, the right to trespass or damage their property, certain of the property holders sued- for and obtained an injunction against the city and the appellants, enjoining them from further proceeding with the work until their damages were ascertained and paid. The injunction continued in force for some four months before it was finally dissolved through the efforts of the city authorities, during which time the appellants' operations were largely suspended and their equipment idle. After the dissolution of the injunction, the work was resumed by the appellants and completed in accordance with the contract. This action was instituted by the appellants to recover against the city for the damages sustained by them by reason of the enforced suspension of the work. The case was tried to the court sitting without a jury. At the conclusion of the case, the court decided that the provision of the contract before quoted precluded a recovery, and entered judgment accordingly. This appeal followed.

It is the contention of the appellants that the clause of the contract on which the court based its conclusions is not sufficiently broad to include losses occasioned by an injunction issued because of the fault of the city in failing to procure the necessary right of way for the performance of the work. But the clause deals with injunction proceedings and seems to have been provided to meet the very contingency which here happened. It provides, first, a method of adjustment if by reason of the injunction proceeding the improvement cannot be completed, and for a waiver of damages on the part of the contractor should such a contingency happen; and second for a resumption of the work should the court proceedings allow it, providing that in the case of the happening of the latter event "no extra payment will be allowed said contractor for change in price of material or labor for any other reason whatsoever." This language is broad enough to preclude a recovery of damages caused by injunction proceedings, even though the proceedings be the direct result of the

fault of the city. The contract seems to be, as the trial court remarked, a harsh one when applied to a condition like one shown in the present record, but parties are at liberty to make their own contracts, and there must be some form of overreaching or fraud before the courts can relieve from them. Nothing of this character is here shown.

The judgment is affirmed.

MOUNT, PARKER, and HOLCOMB, JJ., concur.